IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | )  |  |
|---|---|---|
| **FREDERICK BAYNES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14–cv–01422–JPG–SCW |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

Pursuant to 28 U.S.C. § 2671 *et seq*, *pro se* Plaintiff Frederick Baynes, an inmate in the United States Penitentiary in Marion ("Marion"), brought this action seeking compensation under the Federal Tort Claims Act ("FTCA"), for injuries he sustained while incarcerated at the Federal Correctional Institution at Petersburg ("FCI Petersburg"), located in Virginia. This case comes before the Court on Defendant's motion to dismiss for improper venue, or in the alternative, motion for change of venue pursuant to 28 U.S.C. § 1404(a) (Doc. 15). Plaintiff has not responded to the motion.[1] The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the Court **GRANT** Defendant's motion to change venue and transfer this case.

---

[1] The Court notes that Plaintiff has recently filed a motion for appointment of counsel (Doc. 19) but he does not address any of the issues raised in Defendant's motion to dismiss in that motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Pro se* Plaintiff Frederick Baynes, no. 53486-066, is a 48-year-old male who has been incarcerated at Marion since October 20, 2014. (Doc. 15-1 ¶ 8). Plaintiff is currently serving a 126-month sentence stemming from his guilty plea in the Eastern District of Pennsylvania with respect to eleven counts of bank robbery, in violation of 18. U.S.C. § 2113(a). (Doc. 15-1 ¶ 6-7). *See also* **United States v. Baynes, 369 Fed.Appx. 365, 365-66 (3d Cir. 2010).**

On December 24, 2014, Baynes filed the instant action. (Doc. 1). On January 21, 2015, the Court conducted its threshold review pursuant to 28 U.S.C. § 1915A and concluded that Baynes could proceed on one count alleging negligence against the United States of America under the FTCA. (Doc. 6). Baynes' claim involves allegations that, while he was incarcerated at FCI Petersburg, correctional officer(s) were negligent when Baynes was attacked by other inmates.

**LEGAL STANDARDS**

*1.   Venue Standard*

FRCP 12(b)(3) "allows a party to move for dismissal of an action when it is filed in an improper venue. When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper." **Best Designs, Inc. v. Am. Sealants Co., No. 12-1045-DRH, 2013 WL 4516404, at *5 (S.D. Ill. Aug. 26, 2013).** "[A]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." **28 U.S.C. § 1402(b)**.

For the purposes of venue, a party is "deemed to reside in the judicial district in which that person is domiciled." **28 U.S.C. § 1391(c)(1)**. A "[d]omicile has two elements: (1) physical presence or residence in a state and (2) an intent to remain in the state." **Midwest Transit, Inc. v. Hicks, 79 Fed. Appx. 205, 207 (7th Cir. 2003)(citing *Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996))**. "[D]omicile is a voluntary status, [and] a forcible change in a person's state of residence does

not alter his domicile." ***Sullivan v. Freeman***, **944 F.2d 334, 337 (7th Cir. 1991).** Thus, the pre-incarceration domicile of an inmate remains his domocile while in prison. *Id.* This presumption is, however, rebuttable. ***Denlinger v. Brennan***, **87 F.3d 214, 216 (7th Cir. 1996).**

2. *Motion for Transfer Standard*

Motions for transfer of venue or for dismissal for improper venue are governed by the standards set forth in 28 U.S.C. §§ 1404 and 1406. *See **Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n. 4 (7th Cir. 1999).** Section 1404 governs transfer when venue is proper; and section 1406 governs transfer or dismissal when venue is improper. ***Van Dusen v. Barrack*, 376 U.S. 612, 634, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964);** *Hapaniewski v. City of Chicago Heights*, **883 F.2d 576, 579 (7th Cir. 1989).**

Under section 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." **28 U.S.C. § 1406(a).** Generally, courts prefer transferring a case to a jurisdiction where venue is proper as opposed to dismissing it. ***Ham-Jones v. United Airlines, Inc.*, No. 3:11-CV-00355-JPG, 2011 WL 5573900, at \*1 (S.D. Ill. Nov. 16, 2011) (citing** *Goldlawr, Inc. v. Heiman***, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)).** Transfer avoids the "time-consuming and justice-defeating technicalities" required to re-file a case in a proper venue. *Id.*

## ANALYSIS

Under section 1402(b), the Southern District of Illinois must be one of two possible locations to be a proper venue. It must be the judicial district where the act occurred, or it must be judicial district where the Plaintiff resides. Plaintiff has not filed an additional brief in support of his burden to prove venue is proper, so the Court must proceed with the record as it currently stands.

First, Plaintiff seeks relief for an act which occurred in the FCI Petersburg facility, and that facility is located at 1060 River Road Hopewell, VA 23860. *Federal Bureau of Prisons*, **September 25, 2015, http://www.bop.gov/locations/institutions/pet/index.jsp.** This location is not within the jurisdiction of the Southern District of Illinois. Consequently, the act complained of did not occur within this judicial district. Second, the Government contends that Plaintiff was domiciled in Eastern District of Pennsylvania prior to his current period of incarceration. (Doc 15, p. 3) The Government further asserts that Plaintiff did not voluntarily relocate to the Southern District of Illinois, and as such Plaintiff retains the same domicile. (Doc 15, p. 3-4). Without evidence to the contrary, the *Sullivan* presumption dictates that the Plaintiff resides in the Eastern District of Pennsylvania. Consequently, he cannot be said to reside in the Southern District of Illinois.

Apart from the Plaintiff currently being incarcerated within the Southern District of Illinois, there is absolutely no connection in this case to Illinois. Accordingly, the Court finds that the Southern District of Illinois is not a proper venue under 28 U.S.C. § 1402(b). Because venue is not proper in the Southern District of Illinois under 28 U.S.C. § 1402(b), the Court must dismiss or transfer this case pursuant to 28. U.S.C. § 1406(a). The act for which the Plaintiff seeks relief occurred in the Eastern District of Virginia, and the Court finds that the interest of justice will best be served by transferring this case to that district.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's motion for a change in venue (Doc. 15) and **TRANSFER** this matter to the United States District for in the Eastern District of Virginia.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District

Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**

Accordingly, Objections to this Report and Recommendation must be filed on or before **December 3, 2015.**

**IT IS SO ORDERED.**

*/s/ Stephen C. Williams*

**U.S. Magistrate Judge**